UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINETTE A. TURNER** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-3884** |
| **HONORABLE TIFFANY G. CHASE et al.** | **SECTION: I/5** |

### ORDER AND REASONS

Plaintiff, Antoinette A. Turner ("Ms. Turner"), proceeding in forma pauperis, has filed a complaint and amended complaint alleging various constitutional and civil rights deprivations in connection with her state court divorce proceedings.[1] In her original complaint, Ms. Turner sued, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986,[2] her former counsel Michael J. Hall ("Hall") and his law firm, her ex-husband Antoine P. Turner ("Mr. Turner"), Mr. Turner's former counsel Charlsey Wolff ("Wolff"), Julie A. Gardner ("Gardner"), Myles B. Steib ("Steib"), and their respective law firms, and the presiding judge over her divorce case, Judge Tiffany G. Chase ("Chase"). In her amended complaint, Ms. Turner added Judge Paulette Irons ("Irons") and Clerk of Court Dale Atkins ("Atkins") of the Orleans Parish Civil District Court. These newly added defendants have not yet been served with the amended complaint.

Defendants have filed motions to dismiss both the original and amended complaints. Because this Court lacks subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine,

---

[1] See R. Doc. No. 1, compl.; R. Doc. No. 46, am. compl.

[2] Ms. Turner also set forth allegations pursuant to state law, citing the following provisions: Louisiana Civil Code articles 102, 103, 104, 1953, and 2315; Louisiana Code of Civil Procedure 253.1, 253.2, 1561, 3952, 3953, and 5181; and Louisiana Code of Evidence articles 103, 401, and 402.

1

the complaints are **DISMISSED WITH PREJUDICE**.

## *BACKGROUND*

Ms. Turner alleges that Chase, Gardner, Steib, and Mr. Turner conspired together to deprive Ms. Turner of her constitutional rights.[3] Specifically, she alleges that Chase improperly failed to hold an evidentiary hearing and ultimately granted a divorce judgment to Mr. Turner in violation of her rights.[4] Ms. Turner also alleges that Irons and Hall collusively caused a domestic abuse hearing to be transferred to Chase's docket.[5] Further, Ms. Turner alleges that all defendants colluded and conspired to aid Mr. Turner's alleged scheme to defraud her out of certain community property.[6] Ms. Turner alleges that defendant Wolff filed a false complaint for an order of protective custody on behalf of Mr. Turner.[7] Finally, Ms. Turner alleges that Atkins

---

[3] Am. compl. ¶¶1-2.

[4] Id. ¶5, 22, 25.  Pursuant to Louisiana Civil Code article 102, Judge Chase granted a divorce to Mr. Turner. Article 102 provides:

> Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.
>
> The motion shall be a rule to show cause filed after all such delays have elapsed.

The state court judgment in the divorce proceedings was affirmed by the Louisiana Court of Appeal, and the Louisiana Supreme Court denied a supervisory and/or remedial writ on March 26, 2008.  R. Doc. No. 30-2, exs. A, B, C, D.

[5] Id. ¶¶8, 18.

[6] Id. ¶12.

[7] Id. ¶16.

2

did not respond to her complaint against court personnel and did not forward the record to the state appellate court.[8]

In the original complaint's prayer for relief, Ms. Turner seeks the following remedies:

1. That judgment granting 102 divorce is determined to be void.
2. That judgment granting 102 divorce is found to have been obtained by fraud.
3. That state court judgment granting 102 divorce is vacated.
4. That plaintiff is permitted to litigate her divorce petition pursuant to Louisiana article 103.
5. That all defendant parties actions in state court proceeding are determined to a collusion in deprivation of plaintiff's constitutional rights and interest.
6. That state court proceeding is determined a violation of plaintiff's right under the constitution of fundamental fair trial.
7. All defendants acted in concert to deprive plaintiff of her property right and interest.
8. Defendants are found in violation of judicial procedures and state statute in the jurisdictional statement of this petition.
9. Plaintiff is granted all equitable and general relief proper in premise of this petition.
10. Plaintiff is awarded punitive damages as a result of defendant's misconduct.
11. All defendants are disciplined in accordance with law for their misconduct towards plaintiff in state court proceedings.
12. That a jury trial is ordered.[9]

Defendants have moved to dismiss the complaints, asserting the following defenses: lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, lack of factual

---

[8] Id. ¶¶20-21.

[9] Compl. at 4-5.

allegations upon which relief can be granted, and res judicata.  In addition to these defenses, defendant Chase has asserted the defense of absolute judicial immunity.  In their motions to dismiss, defendants Wolff, Steib, Gardner, Mr. Turner, and Hall have also asserted claims to attorneys' fees and costs.

*LAW AND ANALYSIS*

**I.       Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine holds that federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments.[10]  See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).  "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review."  Id. (quoting Feldman, 460 U.S. at 482 n.16) (footnote omitted) .

"Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court."  Liedtke v. State Bar of Tx., 18 F.3d 315, 317 (5th Cir. 1994). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" Id. (quoting

---

[10] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Kimball v. Fl. Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)) (alterations in original).  "The federal courts do not have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  Musslewhite v. State Bar of Tx., 32 F.3d 942, 946 (5th Cir. 1994) (emphasis in original).

## II.    Ms. Turner's Complaint

Reviewing the relief Ms. Turner seeks from this Court, it is clear that her complaint is nothing more than a collateral attack on the state court's judgment.  This case falls squarely within that category of cases which federal district courts have refused to hear because they lack subject matter jurisdiction.  In a recent opinion, the United States Supreme Court reiterated the contours of the Rooker-Feldman doctrine:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Ms. Turner's complaint urges this Court to reopen her divorce proceeding and, ultimately, to nullify a judgment adverse to her.  This case falls squarely within Exxon Mobil's delineation of those circumstances in which dismissal for lack of subject matter jurisdiction is proper.

That Ms. Turner classifies her injuries caused by the state court divorce judgment as

constitutional rights violations does not affect the present analysis.  The Rooker-Feldman doctrine has been invoked to dismiss civil rights complaints that, like the complaint in the instant case, are essentially challenges to state court divorce decrees.  See Bell v. Valdez, 207 F.3d 657, 2000 WL 122411, at *1 (5th Cir. 2000).  "A lengthy line of [Fifth Circuit precedent] . . . holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986).

### III.    Conclusion

Accordingly,

Because this Court lacks subject matter jurisdiction in this case, **IT IS ORDERED** that the complaint and amended complaint filed by Antoinette A. Turner are **DISMISSED WITH PREJUDICE**.  No later than **Friday, December 5, 2008**, Ms. Turner is **ORDERED** to retrieve the physical evidence that she previously deposited in this Court.

**IT IS FURTHER ORDERED** that defendants' motions for attorneys' fees and costs are **DENIED**.

New Orleans, Louisiana, November 20, 2008.

                                              **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**